ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RICO WADLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 304-005 |
| ) | (Formerly CR 302-005) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has filed its response. (Doc. no. 3). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Government

### I. DISCUSSION

**A.   Background**

Pursuant to a negotiated guilty plea, the Court convicted Petitioner of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, and sentenced him to 151 months of imprisonment. United States v. Wadley, CR 302-005, doc. no. 320 (S.D. Ga. Feb. 21, 2003). Petitioner's plea agreement contained a broad appeal waiver provision, which provided:

> [Petitioner] expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . [Petitioner] also expressly waives any and all rights to collateral post-conviction attack of the sentence

>imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

Id., doc. no. 279, pp. 5-6. The appeal waiver provision also expressly provided that Petitioner reserved the right to file a direct appeal *only* if the Court upwardly departed from the sentencing range called for by the Sentencing Guidelines. Id., doc. no. 278, pp. 5-6. At the Rule 11 hearing, the Court specifically explained the import of the appeal waiver provision; Petitioner stated that he understood the provision and wanted to plead guilty. Id., doc. no. 367, pp. 17, 19 (hereinafter "Rule 11 Tr."). At sentencing, the Court sentenced Petitioner to 151 months of imprisonment, well within the statutory maximum and at "the bottom of [the] guideline range." Id., doc. no. 337, p. 30 (hereinafter "Sentencing Tr.").

Despite the absence of any upward departure and Petitioner's clear appeal waiver, Petitioner's retained counsel filed a direct appeal, contending that the Government should have filed a motion for downward departure based on Petitioner's substantial assistance. See United States v. Wadley, No. 03-11079 (11th Cir. Oct. 31, 2003). The Eleventh Circuit rejected Petitioner's appeal as barred by his valid appeal waiver. See id. Still undeterred by the appeal waiver, Petitioner has now filed the instant § 2255 motion, arguing that 1) his plea was not knowingly and voluntarily entered; 2) his counsel should have objected to the Court's use of cocaine base in calculating his sentence; and 3) he received generally ineffective assistance of counsel at the Rule 11 hearing and at sentencing. (Doc. no. 1, p. 5).

**B.     Relevant Principles of Law**

A waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert,

---

[1]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." Bushert, 997 F.2d at 1345.

2

997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the [G]overnment must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the Government meets this burden in the instant case, then Petitioner's current claims are barred from review.[2] See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

That said, the Eleventh Circuit has also explained that even broad appeal waivers like Petitioner's cannot prevent collateral attacks "concerning certain subjects" such as ineffective assistance of counsel or the voluntariness of the plea itself. Bushert, 997 F.2d at 1350 n.17. Of course, any ineffective assistance of counsel claim that does not relate directly to the voluntariness or intelligence of Petitioner's plea is barred by a valid appeal waiver. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)(*per curiam*); see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-66 (N.D. Ga. 2004). Having summarized the applicable legal principles, the Court turns to the merits of Petitioner's § 2255 motion.

C.     **Application to the Instant Case**

Here, the Government has plainly met its burden under Weaver to demonstrate the existence of a valid appeal waiver. The Court specifically questioned Petitioner regarding

---

[2] To the extent Petitioner's claims can be construed as arising under Apprendi v. New Jersey, 530 U.S. 466 (2000) or United States v. Booker, 543 U.S. 220 (2005), the Court notes that "the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement. Broad waiver language covers these grounds of appeal." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.), *cert. denied* \_\_ U.S. \_\_, 126 S. Ct. 416 (2005).

3

the appeal waiver during the Rule 11 hearing. Petitioner would have the Court ignore the Rule 11 colloquy; however, "[s]olemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Indeed, the Eleventh Circuit itself determined that Petitioner's appeal waiver was "effective" to bar Petitioner's direct appeal. United States v Wadley, No. 03-11079, slip op. at 3 (11th Cir. Oct. 21, 2003). Regardless, Petitioner's ineffective assistance of counsel claims fail to call the voluntariness of his plea or the effectiveness of his appeal waiver into doubt.

Petitioner alleges that his counsel was ineffective for failing to object to the Court's "adopting [an] offense level of 74.26 grams of cocaine base to impose sentence" or to "inform [Petitioner] that cocaine base would be used [to calculate Petitioner's] sentence based on a guilty plea for cocaine." (Doc. no. 1, p. 12). This contention is meritless. Both Petitioner's signed plea agreement and the Court (at the Rule 11 colloquy) informed Petitioner that drugs other than cocaine hydrochloride would be used to calculate his sentence. See CR 302-005, doc. no. 278, p. 4; Rule 11 Tr., p. 32. Thus, Petitioner's counsel had no grounds to object to the attribution of cocaine base to Petitioner at sentencing. Regardless, Petitioner's sentence exposure was driven by his prior criminal history--which classified him as a career offender--not the drug quantity found by the Court. See Presentence Investigation Report ("PSI") ¶¶ 15, 23.[3] The career offender provisions of the Sentencing Guidelines, which take precedence over "otherwise applicable" provisions, see U.S.S.G. § 4B1.1(b), dictated the Court's determination of an overall offense level of 32,

---

[3] Petitioner did not object to the PSI. See Sentencing Tr., p. 2.

irrespective of the drug quantity attributed to Petitioner. See PSI ¶¶ 15, 23. Thus, even assuming *arguendo* that Petitioner's counsel neglected to inform him that he could be sentenced based upon the quantity of cocaine base, no prejudice inured to Petitioner.

More generally, Petitioner has identified no reason to conclude that he did not enter into his guilty plea, with its appeal waiver, both knowingly and voluntarily. Petitioner does not allege that he was coerced, or that he did not understand the plea agreement or the court proceedings. In sum, Petitioner's § 2255 motion is devoid of merit and should be denied.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Government.

SO REPORTED and RECOMMENDED on this 22nd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE